UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| DUAN LATTIMORE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 25-127-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| BANK OF AMERICA, N.A., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

*Pro se* Plaintiff Duan Lattimore, Jr., is a resident of Dayton, Kentucky. He has filed a *pro se* complaint asserting a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. [Record No. 1] Lattimore also moves to proceed *in forma pauperis*. [Record No. 2] The information contained in plaintiff's fee motion indicates that he lacks sufficient assets or income to pay the $405.00 filing fee. Therefore, the Court will grant *pauper* status.

This matter is pending for initial screening pursuant to 28 U.S.C. § 1915(e)(2).[1] Lattimore alleges that he "was the victim of identity theft and fraudulent activity" arising from his purchase of a vehicle. [Record No. 1 at 1] He states that he "promptly notified Bank of America ["BOA"] in writing of the fraud and disputed the accuracy of information furnished under his name." [Record No. 1-3 at 15] Despite notification, Lattimore alleges that BOA did

---

[1]   The statute directs the Court to dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When reviewing the complaint at this stage of the proceedings, the Court accepts all non-conclusory factual allegations as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

not: (a) conduct a reasonable investigation as required by Section 1681s-2(b); (b) correct or delete the inaccurate information; (c) cease furnishing inaccurate information; and (d) provide him with the results of its investigation. *See* [Record No. 1 at 1] Relying on 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Lattimore seeks damages for asserted violation of 15 U.S.C. § 1681s-2(b). *See id*. However, the Court will dismiss this action for failure to state a claim after thoroughly reviewed Lattimore's complaint and the attached materials.

The FCRA promotes accurate credit reporting in several ways. At the outset, "furnishers have a duty to provide [a credit reporting agency, ("CRA")] with accurate information about their consumers. § 1681s–2(a)." *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 614 (6th Cir. 2012). If a consumer notifies a CRA that he or she challenges the accuracy of information in its files, the CRA generally then advises the furnisher of that information (such as a bank, credit card issuer, or a business) of the dispute. *See* 15 U.S.C. § 1681i(a)(1)-(3).

The authority to enforce the FCRA's provisions is generally conferred upon various federal agencies, including the Federal Trade Commission and the Consumer Financial Protection Bureau. *See* 15 U.S.C. § 1681s(a)-(c). The statute also expressly creates private rights of action to enforce certain provisions. *See* 15 U.S.C. §§ 1681n, 1681o; *Boggio*, 696 F.3d at 615 (". . . consumers may rely on §§ 1681n and 1681o to enforce some, but not all, subsections of § 1681s–2."). Pertinent here, "§ 1681s–2(c) expressly precludes consumers from enforcing the requirement that furnishers, under § 1681s–2(a), initially provide complete and accurate consumer information to a CRA." *Id*. at 615 (citing §§ 1681s–2(c), 1681s–2(d)). Therefore:

> In light of § 1681s–2(c)'s express limits, consumers may step in to enforce their rights only after a furnisher has received proper notice of a dispute *from a CRA*. . . . Such an understanding of § 1681s–2—one that recognizes a private right of action against a furnisher, but only for failing to comply with relevant requirements, here § 1681s–2(b)—has been adopted by every circuit to address the issue. Therefore, we hold that consumers such as Boggio may file actions pursuant to §§ 1681n and 1681o claiming that furnishers of information have violated § 1681s–2(b).

*Id*. at 516-16 (emphasis added; citations omitted).

Because the FCRA permits a private cause of action for violation of § 1681s–2(b) but not for § 1681s–2(a), the Court must determine under which subsection Lattimore proceeds. As noted above, the plaintiff expressly states that he claims violation of § 1681s–2(b). *See* [Record No. 1 at 1] But review of that provision makes plain that it does not apply under the facts alleged. The statute provides, in pertinent part, that:

> [a]fter receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
>
> (A)   conduct an investigation with respect to the disputed information;
>
> (B)   review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
> (C)   report the results of the investigation to the consumer reporting agency;

15 U.S.C. § 1681s–2(b)(1). The investigation conducted must be reasonable, and the furnisher must report the result of it to the CRA. *See Boggio*, 696 F. 3d at 616-17.

However, these obligations are triggered only by "notice [received] pursuant to section 1681i(a)(2)." Such notice must be sent to the furnisher *by the CRA* after a consumer sends a notice to the CRA disputing information. *See* 15 U.S.C. § 1681i(a)(1)(A) (". . . if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer *and the consumer notifies the agency*

*directly* [] of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation . . .") (emphasis added). Promptly after the CRA receives the consumer's notice, it notifies the furnisher of the disputed information. *See* 15 U.S.C. § 1681i(a)(2)(A) (". . . the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person.").

In summary, the duties that Lattimore contends BOA failed to satisfy are only triggered by a notification received from a CRA pursuant to § 1681s–2(b). Here, Lattimore alleges that he notified BOA that he disputed information that it was reporting to a CRA. [Record No. 1 at 1] Thus, his allegations do not allege a violation of § 1681s–2(b) because his notice was not a "notice [received] pursuant to section 1681i(a)(2)" from a CRA as required to trigger § 1681s–2(b) duties. *See Scott v. First S. Nat'l Bank*, Civil Action No. 5: 16-281-KKC, 2018 WL 4568594, at *4 (E.D. Ky. Sept. 24, 2018) ("A furnisher of credit information, such as the bank, has no responsibility to investigate a credit dispute until after it receives notice from a consumer reporting agency. Put succinctly, notification from a consumer is not enough to satisfy the requirements of the statute.") (cleaned up), *aff'd*, 936 F.3d 509, 517 (6th Cir. 2019) ("This Court has repeatedly held that consumers must file a dispute with a consumer reporting agency to trigger the furnisher's duty to investigate under § 1681s–2(b).") (collecting cases). *See also Misialowski v. DTE Energy Co.*, No. 07-14452, 2008 WL 2998948, at *3 (E.D. Mich. Aug. 1, 2008).

Because the dispute came directly from Lattimore rather than from a CRA, BOA had no duties under § 1681s–2(b). As a result, the Court will dismiss this action for failure to state a claim. Accordingly, it is hereby **ORDERED** as follows:

1.  *Pro se* Plaintiff Duan Lattimore's motion to proceed *in forma pauperis* [Record No. 2] is **GRANTED**. Payment of the $405.00 filing and administrative fees is **WAIVED**.

2.  The complaint [Record No. 1] is **DISMISSED** and this action is **STRICKEN** from the docket.

Dated: August 25, 2025.

<u>Danny C. Reeves, District Judge</u>
United States District Court
Eastern District of Kentucky